# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZA LUCERO MORENO,<br><br>  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No. 1:19-cv-01580-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN MATTER TO DISTRICT JUDGE<br><br>(ECF Nos. 1, 2)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

On November 5, 2019, Liza Lucero Moreno ("Plaintiff") filed this action seeking judicial review of the final decision of Defendant Commissioner of Social Security ("Defendant") denying her application for benefits under the Social Security Act. (ECF No. 1.) Plaintiff also filed an application to proceed *in forma pauperis* without prepayment of the filing fee on the same day. (ECF No. 2.)

In order to proceed in court without prepayment of the filing fee, Plaintiff must submit an affidavit demonstrating that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis*

status does not violate the applicant's right to due process"). A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to his poverty he is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. See, e.g., Boulas v. United States Postal Serv., No. 118CV01163LJOBAM, 2018 WL 6615075, at *1 n.1 (E.D. Cal. Nov. 1, 2018); Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009).

While Plaintiff's application states she does not have income, her spouse receives substantial income, and Plaintiff indicates that no other person depends upon Plaintiff for support. Based on the income reported which is $3,357.00 per month, Plaintiff's household income is $40,284.00 per year. (ECF No. 2 at 2.) Further, Plaintiff indicated that the family owns their home and their automobiles. (Id. At 3.) The 2019 Poverty Guidelines for the 48 contiguous states for a household of two is $16,910.00. 2019 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited August 1, 2019). Therefore, Plaintiff's household income is more than double the poverty guideline level for a family of two. As stated in the application, the monthly expenses for the family are $3,190.00 leaving them with approximately $167.00 of additional monies each month. (Id. at 4-5.) While the monthly expenses appear to not leave a substantial amount of extra money per month, some of the expenses seem excessive, such as $500.00 per month for residential utilities, and $150.00 listed under the insurance section with the word "hygiene" written in. (Id. at 4.) Given these facts, the Court finds that Plaintiff has the ability to pay the filing fee in this action without being deprived of the necessities of life and is not entitled to proceed without prepayment of fees in this action. See Boulas, 2018 WL 6615075, at *1 n.1 (denying IFP because income above poverty level and

above the stated expenses); (Vimegnon v. Oregon Health & Scis. Univ., No. 3:16-CV-02304-HZ, 2017 WL 111309, at *1 (D. Or. Jan. 9, 2017) (denying IFP because of income well above poverty level and despite claim that couple is often left with only $200.00 for the month, as "[w]hile Plaintiff has some debts and the family has ongoing expenses, the application suggests that the family's monthly income still exceeds monthly expenses [and] the application fails to establish that payment of the filing fee would deprive Plaintiff's family of the necessities of life."); Lopez-Ruiz v. Tripler Army Med. Ctr.'s Postdoctoral Fellowship in Clinical Psychology, No. CV. 11-0066 JMS/BMK, 2011 WL 486952, at *1 (D. Haw. Feb. 4, 2011) ("although Plaintiff asserts that she has some debts, her monthly income still exceeds her monthly expenses").

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed without prepayment of fees be denied and Plaintiff be ordered to pay the $400.00 filing fee in this action. The Clerk of the Court is HEREBY DIRECTED to randomly assign this action to a district judge.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 6, 2019**

UNITED STATES MAGISTRATE JUDGE